IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEFON D. WILSON, | ) |
|     Plaintiff, | ) Civil Action No. 20-620 |
| v. | ) District Judge W. Scott Hardy |
| JAMES J. PHILLIPS, | ) Magistrate Judge Patricia L. Dodge |
|     Defendant. | ) |

**MEMORANDUM ORDER**

This matter comes before the Court after *pro se* Plaintiff Stefon D. Wilson declined to file objections to the Report and Recommendation ("R&R") (Docket No. 65) entered by Magistrate Judge Patricia L. Dodge on July 21, 2022. The R&R recommends that Defendant's Motion for Summary Judgment (Docket No. 59), filed in this matter on February 16, 2022, be granted. (Docket No. 65 at 1, 14). Service of the R&R was made on Plaintiff by mail, and objections to same were due by August 8, 2022. (Docket No. 65). Thereafter, Plaintiff did not file any objections to the R&R.[1]

---

[1] The Docket in this case indicates that the envelope containing the R&R sent to Plaintiff was returned to the Court with the notation, "Return to Sender No Forwarding Address," and that it would not be remailed because "Plaintiff is no longer housed at his address of record at the Westmoreland County Prison and he has not updated his address of record." (Docket No. 66). The Standing Practice Order for Pro Se Civil Rights Cases (filed on the Docket in this case, and mailed to Plaintiff on May 11, 2020) notified Plaintiff of his obligation to keep the Court apprised of his current address, providing as follows:

> **The plaintiff is under a continuing obligation to notify the Court of any change of his/her address by filing a separate document entitled "Notice of Change of Address." Failure to do so may result in the dismissal of this case if the Court or defendant(s) are not able to serve documents upon the plaintiff because he/she has not kept his/her address of record current.**

(Docket No. 4, ¶ 15 (emphasis in original)).

1

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because Plaintiff did not file any objections to the R&R – which explicitly stated that parties' "failure to file timely objections will constitute a waiver of their appellate rights" (Docket No. 65 at 14) – we review the magistrate judge's decision for plain error.  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R, the motion and documents filed in support thereof, and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Dodge's recommendation.  As such, the Court will adopt the R&R as the Opinion of the Court and will grant Defendant's Motion for Summary Judgment.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 16th day of August, 2022,

IT IS HEREBY ORDERED that the R&R (Docket No. 65) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Docket No. 59) is GRANTED for the reasons set forth in the R&R.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed.

                                                                      */s/ W. Scott Hardy*
                                                                      W. Scott Hardy
                                                                      United States District Judge

cc/ecf:        All counsel of record
                  Stefon D. Wilson (via U.S. Mail)